**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

ISSENOVA AISARA,

Petitioner,

v.

SIXTO MARRERO, Warden of Imperial Regional Detention Facility,

Respondent.

Case No.: 26-cv-1432-BJC-BJW

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Issenova Aisara, a citizen of Kazakhstan, entered the United States on February 13, 2016, as a nonimmigrant B-2 visitor. ECF No. 1 ¶ 1. On July 2, 2016, she filed an application for asylum and withholding of removal with the United States Citizenship and Immigration Services. *Id.* ¶ 2. The application remains pending. ECF No. 4 at 1. On January 15, 2026, Immigration and Customs Enforcement ("ICE") detained Petitioner, transferred her to the Imperial Regional Detention Facility, and issued a notice to appear. *Id.* ¶ 4; ECF No. 4 at 2. A bond hearing was held on February 27, 2026, at which Petitioner was denied bond. ECF No. 1 ¶ 7; ECF No. 4-1 at 2.

On March 5, 2026, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. On March 11, 2026, this Court set a briefing schedule on

the petition and issued a limited stay to preserve the *status quo*. ECF No. 2. Respondent filed a return on March 18, 2026, and Petitioner filed a traverse on March 27, 2026. ECF Nos. 4, 5. The Court issued an order directing the parties to brief the issue of Petitioner's "authorized stay." ECF No. 7. Plaintiff filed a brief on June 29, 2026, and Respondent filed a brief on July 1, 2026. ECF Nos. 8, 9.

**LEGAL STANDARD**

Courts may grant habeas corpus relief to those "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241; *see also Hamdi v. Rumsfeld,* 542 U.S. 507, 525, 124 S. Ct. 2633, 2644, 159 L. Ed. 2d 578 (2004) ("[T]he writ of habeas corpus remains available to every individual detained within the United States."). Courts are authorized to grant writs pursuant to § 2241 to noncitizens in custody in violation of the Constitution or laws or treaties of the United States. *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999).

**DISCUSSION**

Petitioner argues her continued detention violates the Administrative Procedure Act, the Fifth Amendment right to due process, and immigration laws. Respondent argues the petition is subject to dismissal for failure to exhaust administrative remedies.

**I. Exhaustion**

When a petitioner's claims are reviewable by the BIA on appeal, the petitioner must exhaust administrative remedies before raising the claims in a habeas petition. *Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 819 (9th Cir. 2003). Exhaustion "avoids premature interference with the agency's processes and helps to compile a full judicial record." *Id.* (quoting *Liu v. Waters*, 55 F.3d 421, 424 (9th Cir.1995)). "The exhaustion requirement is prudential, rather than jurisdictional, for habeas claims." *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017). A court may require prudential exhaustion when: "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency

to correct its own mistakes and to preclude the need for judicial review." *Id.* (citing *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007)). If a petitioner fails to exhaust prudentially required administrative remedies, "a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). However, "a court may waive the prudential exhaustion requirement if 'administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.'" *Id.* (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)).

Here, Petitioner failed to exhaust available administrative remedies as to her claim based upon the denial of bond. Because the bond determination was directly reviewable by the BIA, that administrative appeal constituted an available and adequate remedy that Petitioner was required to pursue before seeking habeas relief. Moreover, nothing in the record suggests that exhaustion should be excused in this case. Accordingly, Petitioner's claim challenging the bond determination is subject to dismissal.

## II. Pre-Deprivation Notice and Hearing

Although inartfully pleaded, Petitioner appears to assert a due process claim based upon denial of notice and a pre-deprivation hearing. ECF No. 1 ¶¶ 44, 45. Petitioner concedes she was not granted parole but contends she was the subject of an authorized stay. ECF No. 8 ¶¶ 3, 5. Before the termination of her visitor visa, she applied for asylum on July 2, 2016. ECF No. 1 ¶ 2; ECF No. 5 ¶ 2. She further contends she has resided in the United States since 2017, with work authorization and complied with federal tax filing requirements. ECF No. 1 ¶¶ 3, 5; ECF No. 5 ¶¶ 6, 7. The Court finds Petitioner has a vested liberty interest in remaining free from detention based upon her years working and living in the United States with the government's knowledge and authorization, and the government's decision not to detain her after the expiration of her visa. *See Oliveira Tinoco v. Albarran*, No. 1:26-CV-05505-DC-CKD (HC), 2026 WL 2949219, at *5 (E.D. Cal. Oct.

1, 2026) ("[W]here. . .a noncitizen builds a life in the United States after being granted entry pursuant to a visa--such that the government was not only aware of but approved of the noncitizen's initial presence in the country--that noncitizen develops a vested liberty interest in remaining free from detention when the government does not act to detain the noncitizen. . .within a reasonable time following the expiration of their nonimmigrant status."); *Mendez Tzoc v. LaRose*, No. 26-CV-3965-GPC-VET, 2026 WL 2227161, at *3 (S.D. Cal. Aug. 3, 2026) ("[T]he Government's decision not to detain the petitioner while processing his asylum application and granting work authorization created a protected liberty interest in his continued freedom."); *Kharitonova v. Albarran*, No. 26-CV-01362-JSC, 2026 WL 531441, at *2 (N.D. Cal. Feb. 25, 2026) (finding the petitioner who entered on a nonimmigrant visa, applied for asylum, and had lived in the United States for thirteen years had a vested liberty interest in remaining free from detention).

The Court applies the three-factor test of *Mathews v. Eldridge*, to determine what process is due based upon Petitioner's liberty interest. 424 U.S. 319, 335 (1976). The first factor, the private interest, favors Petitioner because she has a strong interest in remaining out of custody. *Foucha v. Louisiana*, 504 U.S. 71, 80, 112 S. Ct. 1780, 1785, 118 L. Ed. 2d 437 (1992) ("Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action."). The interest was strengthened over the many years she lived and worked in the United States.

The second factor also weighs in Petitioner's favor. The risk of erroneous deprivation of such interest is high. Petitioner maintains she was detained without providing her notice or an opportunity to be heard. Respondents do not dispute this contention. Although Petitioner received a post-deprivation custody redetermination hearing pursuant to 8 U.S.C. § 1226(a), a pre-deprivation hearing allows a noncitizen to remain at liberty with "full access to their resources and independence which may be crucial to preparing an adequate defense for the hearing." *Olivera Tinoco, v. Albarran*, No. 26-CV-05505-DC-CKD (HC), 2026 WL 2949219, at *6 (E.D. Cal. Oct. 1, 2026).

Third, the government's interest in detaining Petitioner without notice or a pre-

deprivation hearing is low. *See Jimale, v. Casey*, No. 26CV5927-LL-SBC, 2026 WL 3182557, at *2 (S.D. Cal. Oct. 23, 2026) ("There is no indication that providing proper notice, reasoning, and a pre-deprivation hearing would be fiscally or administratively burdensome on the government."); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1036 (N.D. Cal. 2025) ("[I]t is likely that the cost to the government of detaining [the petitioner] pending any bond hearing would significantly exceed the costs of providing her with a pre-detention hearing."). As such, all three *Mathews* factors weigh in favor of Petitioner. Failure to provide Petitioner with notice and a pre-deprivation hearing violated her due process rights.

Accordingly, the Court GRANTS the petition for a writ of habeas corpus. Respondents shall immediately release Petitioner. Respondents are enjoined from re-detaining Petitioner without complying with due process. Petitioner's request for attorneys' fees and costs is DENIED without prejudice to Petitioner filing an appropriate application for fees. The Clerk of Court shall close this matter.

**IT IS SO ORDERED**.

Dated: October 27, 2026

Honorable Benjamin J. Cheeks
United States District Judge